## MOSS v. LITTLETON.

MUTUAL BENEFIT ASSOCIATIONS; BENEFICIARIES.

Where the beneficiary named in a certificate in a mutual benefit association died before the certificate holder, and the latter left a will devising generally all his property, it was *held* on a bill of interpleader by the association that the fund was distributable in accordance with the provisions of the by-laws and not of the will.

No. 424.   Submitted April 9, 1895.   Decided May 6, 1895.

HEARING on an appeal from a decree on a bill of interpleader. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is a bill of interpleader filed by the Expressman's Mutual Benefit Association against the executor of James Littleton, deceased, and his children and grandchildren. James Littleton was a member of the association and he died testate January 25, 1893. The question involved, and which gave rise to the filing of the bill of interpleader, arises as between the executor and trustee, claiming under a general devise and bequest in trust, under the will of the testator, and the surviving children of the testator claiming under the policy or certificate of membership and the by-laws of the association.

The association filing the present bill is a mutual benefit association incorporated under the law of the State of New York. Its object appears to be to provide insurance to the employees of express companies, in case of total disability or death. On April 13, 1870, James Littleton, being then a married man and an employee of Adams' Express Company, became a member of the association, and the policy or certificate issued to him declares the amount of insurance to be payable to Mrs. Sarah Littleton, his wife. By the certificate of membership the association undertook to pay the sum of $2,000, in the event of the death of the member, if the latter complied with the constitution and by-laws of the association and paid the required assessments. Such sum, the amount of the policy, was to be payable in accordance with article 4 of the by-laws.

The first section of the constitution provides that " the name of the association shall be The Expressman's Mutual Benefit Association, and its object the collection of contributions and the distribution of the same to such beneficiaries as shall be entitled to the same at the death or total and permanent disability of a member as hereinafter provided."

Article 3 of the by-laws declares that " should the member at any time desire to change the name of the original beneficiary, he shall apply to the executive committee through his division secretary enclosing his original policy,

with, if possible, the consent of the beneficiary named therein." And by article 4 of the by-laws it is provided—

" The name of the person or persons to whom the amount of the fund shall be paid in the event of death shall be endorsed upon the certificate of membership, and upon the register of the association. In case the member fails to elect to whom the fund shall be paid, if a married man, it shall be given to his widow and children. In case there is no widow and children, it shall be paid to the parents or either of them. If neither of them be living, then to the next of kin. In the event of there being no kin it shall be subject to the disposition of the executive committee for the benefit of the association."

It is conceded that James Littleton complied with all the requirements of the constitution and by-laws of the association, and paid all assessments down to the time of his death, in January, 1893. His wife, the original beneficiary named in the policy, died in March, 1871, and of his children only two survived him, the one a daughter, Annie E. Johnson, and the other a son, Charles B. Littleton, and he left surviving him grandchildren, the children of three deceased sons.

James Littleton made no change in the original nomination or designation of the beneficiary named in the policy from that of his wife. He left the policy or certificate stand as it was originally issued to him, and made no new nomination or appointment upon the death of his wife—at least none as contemplated by the by-laws of the association. In his will, dated the 21st of November, 1891, he devised and bequeathed all his estate, real and personal, which he then or might at his death own, or be entitled to, to George W. Moss, in trust to sell and distribute the proceeds thereof as directed, and after directing the payment of certain legacies, he devised and bequeathed " all the rest and residue of his estate to his daughter, Anna E. Johnson," and he directed his friend George W. Moss, trustee, to pay the proceeds and balance, after satisfying the before mentioned

bequests, to his daughter Anna, if living, and, if dead, to her children, &c.

It is by virtue of the general devise and bequest to Moss as trustee that he, in his capacity of executor and trustee, has made claim to the fund payable by the association, and through the executor or trustee, Mrs. Johnson, by virtue of the residuary clause of the will, claims the fund to the exclusion of her brother and all other descendants of the testator.

The court below decreed the fund to be due and payable to the surviving children of James Littleton, deceased ; and that one-half of it be paid to Mrs. Johnson, the appellant, and the other half to her brother, Charles B. Littleton.    It is from so much of the decree only as directs the one-half of the fund to be paid to Charles B. Littleton that this appeal is taken.

*Mr. Andrew B. Duvall* for the appellants :

The question presented upon this appeal is whether James Littleton by his last will and testament made a designation of the beneficiary under the certificate of membership in the benefit association.

By his will he undertook to dispose of all that he might be entitled to at his death and the whole of his estate, " being desirous to settle his worldly affairs."    He did not intend to die intestate in whole or in part ; nor to leave unexecuted any power of disposing of this fund he had carefully created with his own money.    In this will he refers to the appellee, Charles B. Littleton, and indicates his set purpose that he shall receive nothing from him or from his estate, real or personal, which he may own at the time of his death, or be entitled to, directly or indirectly, save and except the sum of five dollars.    This purpose and intention of the testator is further shown by the testimony.

The court is to put itself in the position occupied by James Littleton when he made his will in order to discover

from that standpoint, in view of the circumstances then existing, what he intended. *Lee* v. *Simpson,* 134 U. S. 572. Outside of this insurance money he had practically no property. He was "entitled to" dispose of it. The will was a good execution of his power of appointment. *Warner* v. *Conn. Ins. Co.,* 109 U. S. at 367 ; *Blake* v. *Hawkins,* 98 U. S. 326 ; *Faulk* v. *Dashiell,* 62 Texas, 642.

If the intention to dispose of this insurance money can be collected by implication from the whole instrument, that is sufficient. It is not necessary that the instrument should refer to the power if it shows that the donee had, when executing it, ·the subject of the power in view. *Cooper* v. *Haines,* 70 Md. 282 ; *Weis* v. *Smith,* 62 Texas, 1 ; *Andrews* v. *Bumfield,* 32 Miss. 107. A general devise or bequest of all the estate of which the testator should die seized or possessed, includes any real or personal property, of which the testator has a general power of appointment, unless a contrary intention appears by the will. *Scwall* v. *Wilmer,* 132 Mass. 134. And the amount of the testator's property can be inquired into to show the intention to execute the power. *White* v. *Hicks,* 33 N. Y. 383.

*Mr. James T. Hunter* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This court fully concurs with the court below in the decree made by it. It is very true the testator had full power and authority over the fund during his life, and could have changed the beneficiary at any time before his death. But he did not manifest any such intention in the mode and as directed by the by-laws of the association. His wife died in March, 1871, more than twenty years before he died, and during all the intervening time to the date of his will in 1891 and his death in 1893, there is no intimation to the association that he desired to name a beneficiary in the place of his deceased wife, or that he desired to change the des-

tination of the fund from the destination of it as provided in the by-law of the association, in default of specific nomination of a beneficiary as therein provided. From the death of the wife the policy remained as if no beneficiary had been named by the member, and his failure to elect to whom the fund should be paid left it to be disposed of as provided by the by-law, namely, to the children of the deceased member. This must be supposed to have been understood by the deceased as the declared disposition of the fund; and he is to be taken as having contracted with reference to the provisions of the constitution and by-laws of the association, and which, in legal contemplation, entered into and become a part of the contract of insurance. If he had intended to change the disposition of the fund from the manner of disposition as provided in the by-law, it would be reasonable to suppose that he would have adopted some clear and explicit manner of accomplishing his purpose, especially in view of the known and plain requirement of the by-law of the association in this respect.

It is urged, however, that the testator by the general devise in his will to Moss in trust, and the residuary bequest therein to his daughter, Mrs. Johnson, effectually nominated and appointed his daughter, Mrs. Johnson, as beneficiary in the place made vacant by the death of his wife, and, consequently, Mrs. Johnson is entitled as such beneficiary to take the entire fund to the exclusion of her brother. But, to say nothing of this very questionable mode of designating the beneficiary, in view of the special mode prescribed by the by-laws of the association, we are clearly of the opinion that there is nothing in any provision of the will that will warrant the construction contended for. Such construction could only be maintained by implication, and, at most, it would be but mere conjecture, and that upon no principle is justified. There is nothing in the case that points decisively to the fact, or even with probability, that the testator intended by his will to make the daughter the exclusive beneficiary of his policy in the association.

And in view of all the facts in the case, we do not see that any other conclusion than that reached by the court below can be fairly maintained. It follows therefore that the decree appealed from must be affirmed, with cost; and it is so ordered.

*Decree affirmed.*